**CLEMENTS, as Agent, etc., et, Plaintiffs-Appellants v SHERWOOD, Director, Defendant-Appellee.**

Ohio Appeals, 2nd District, Franklin County.

No. 3401. Decided March 4, 1942.

John M. Collins, Columbus, and Charles Case, Columbus, for plaintiffs-appellants.

Thomas J. Herbert, attorney general, Columbus, and David M. Spriggs, asst. attorney general, Columbus, for defendant-appellee.

## OPINION

BY THE COURT:

This matter is before this court upon appeal by the plaintiffs-appellants on questions of law and fact from a judgment of the Court of Common Pleas of Franklin County, rendered on the 4th day of June, 1941.

The petition is for a declaratory judgment and is quite lengthy, being filed by the plaintiff-appellant Royal E. Clements as agent of the American Federation of Municipal Employees and Dale Gilkey as president of the Ohio State Employees Local No. 5, and Ruth Bolick, as an employee of the Institution for Feeble Minded.

The petition recites that the plaintiffs are members of several labor unions enumerated and alleges that they bring the suit on behalf of themselves and all other members of said unions and employees of state institutions; that the questions presented are of common and general interest to a large number of persons, and that it is impracticable to bring them all before the court.

The defendant is the Director of the Department of Welfare, and it is alleged that as such he is responsible for the determination of general policies in said department and is vested with exclusive power to appoint employees of the state institutions enumerated. It is alleged that the rights and status of the parties-plaintiff are affected by **Art. II, §§34 and 37** of the **Constitution** and **§§17-1 and 154-20** and other related sections of the **General Code**.

It is alleged that a controversy has arisen between the plaintiffs and others similarly situated as public employees of state institutions and as members of the union involving the true intent and the meaning of the constitutional provision and the provisions of the Code respecting the number of hours that shall constitute a day's work and the week's work of employees in state institutions under the management of the Public Welfare Department, except in emergencies.

It is alleged that the defendant has been guilty of violating the constitutional and statutory provisions · in that the employees of the several institutions are required and compelled frequently to perform hours of service in excess of eight hours a day and forty-eight hours a week, and it is alleged such overtime is required on the pretended ground · that the number of employees of the state institutions is numerically too small to permit the work required on an eight hour schedule, and that without such extra hours the services of said employees will be impaired; that without the actual existence of such extraordinary emergency said defendant enforces such extra hours.

It is alleged that doubt exists respecting the correct interpretation of the provisions of the Constitution and the Code, and they therefore pray for a declaratory judgment by the court on the status of plaintiffs and others similarly situated.

The petition enumerates nine several paragraphs upon which declaratory judgment is prayed for. Plaintiffs also pray for a declaration of the effect of the said constitutional and statutory provisions, determining the status of the parties, the validity of the enforcement of the hours in excess of eight, and the interpretation of the provisions thereof.

To this petition an answer is filed by the defendant, Charles L. Sherwood, as Director of the Department of Welfare, in which certain formal admissions are made, and the further declaration that he is of the opinion that the control of the various institutions under the management of the Department of Public Welfare does not violate the Constitution in any respect.

On March 27, 1941, the cause was heard by the court below on evidence presented by the plaintiffs, which discloses the fact that certain employees are engaged for a longer period than eight hours a day or forty-eight hours a week, and that they receive no extra compensation for overtime.

The state presented no evidence.

The court made a ruling to which exceptions and a motion for a new trial were filed.

On June 4, 1941, there is an entry to the effect that the motion for a new trial was overruled, and that the court finds that §37 of **Art. II of the Constitution** and **§17-1 of the Code** do not apply to employees of the state in institutions under the supervision of the Director.

The court further finds that neither by constitutional provision nor by legislation has any maximum work hours been prescribed for employees of the state in institutions under the supervision of the Director of Welfare.

The court further finds that it is within the discretion of the defendant, the Director, to determine the hours per day and per week which the employees in the institutions under the supervision

of the Director of Welfare should work. The court finds that in view of the findings aforesaid that it is not necessary to answer categorically other requests contained in the prayer of the plaintiff's petition.

We are favored with a well-considered decision of the court below which relieves us of the necessity of discussing in detail many of the interesting questions raised. However, we will briefly sketch the matter leading to the controversy.

**Section 37, Art. II of the Constitution** as amended in 1912 provides as follows:

"Except in cases of extraordinary emergency, not to exceed eight hours shall constitute a day's work, and not to exceed forty-eight hours a week's work, for workmen engaged on any public work carried on or aided by the state, or any political subdivision thereof, whether done by contract or otherwise."

**Section 17-1** under the general head, "Wages and Hours of Public Work", provides in substance,

"Except in case of extraordinary emergency, not to exceed eight hours shall constitute a day's work, and not to exceed forty-eight hours a week's work. for workmen engaged on any public work carried on or aided by the state, or any political subdivision thereof, whether done by contract or otherwise * * *. This section shall be construed not to include policemen or firemen."

It will be observed that this statute recites verbatim the provision of the Constitution in reference to the hours of labor. There are certain other sections which are alluded to in the briefs and which the plaintiffs claim support their contention. We will briefly comment upon these.

**Section 154-20** provides in substance that all employees in the several departments of the state shall render **not less** than eight hours of labor each day with holidays excluded; that such employees shall have two weeks absence with full pay.

It will be noted that this section does not prescribe the **maximum** hours of employment, but the minimum, and consequently it has no reference to the matter now before us.

**Section 1008-2** under the chapter relating to "Inspector of Workshops and Factories" relates largely to the hours for employment of females, and further relates to the hours of employment of those of specified ages.

**Section 12996** under the chapter "Offenses against Minors" provides the limitation of the hours of employment of minors in certain enumerated employments and of certain designated ages. Neither of these sections seem to have relation to the employees of the Welfare Department enumerated in the petition. It will be further ob-

served that both of these sections relate to general employment of the individuals enumerated, but that neither has any reference to those employed by the state, and that each is a general statute.

In **State ex Nixon v Merrell, 126 Oh St, 239,** it is held in the first syllabus:

"The state is not bound by the terms of a general statute unless it be so expressly enacted."

Allen, J., delivering the opinion of the court on page 246. discusses this matter at some length, and cites a number of supporting opinions. She there states that it is the contention of the state that the state as a sovereignty is not bound by the terms of a general statute unless such statute expressly applies to the state. She states: "This is a well established doctrine;" citing cases in support thereof. It will thus be seen that these two general statutes, even though they might apply to the very character of work done by the employees whose position is now in question, do not control the state in its employment for the reason that as a sovereignty it is not bound by the terms of these general statutes.

**Section 12996** in addition to relating exclusively to minors has special application to those employments enumerated in §12993 under the general heading, "Employing Minor in Factory." In addition to this, none of the evidence introduced discloses that any of the individuals named are minors.

Counsel for plaintiff cited this provision of the Constitution and the various statutes above noted and bases upon them his claim that there should be a declaratory judgment in which the rights of the several state employees may be determined to be as claimed in the petition. We find that most of the points raised by counsel for plaintiffs are decided directly or by inference in the case of **State v Peters, 112 Oh St, 249,** wherein it is held:

"1. **Section 17-1, GC,** has no application to the employment of labor by a municipality in the operation of a public utility owned by such municipality. The expression, 'workmen engaged on any public work carried on or aided by the state or any political subdivision thereof, whether done by contract or otherwise', relates to the **construction** of the public improvements and not to their **maintenance** or operation." (Emphasis ours.)

It will not be claimed that any of the employees enumerated in the petition are engaged in the **construction** of any public institution. They are all engaged in its operation. The case above cited is of too much importance to do it justice by merely quoting from it. We, therefore, commend it to the careful consideration of counsel. See also **Stange v The City of Cleveland, 94 Oh St, 377.**

We have no difficulty in arriving at the conclusion that a correct construction of the Constitution and the several statutes, especially as interpreted in the case of **State v Peters, supra,** does not support the claim made by plaintiffs.

This is an appeal on questions of law and fact. Our conclusions are the same as the court below and our judgment to that effect may be entered. Entry accordingly.

GEIGER, P. J., BARNES and HORNBECK, JJ., concur.